# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:26-cr-38-GAP-LHP

**DANIEL COOK**

## ORDER

On January 12, 2026, Defendant Daniel Cook was charged by way of a Criminal Complaint with one count of knowing transmission in interstate commerce of a true threat to injure the person of another, in violation of 18 U.S.C. § 875(c). Doc. No. 1. On February 6, 2026, Defendant Cook appeared before United States Magistrate Judge Robert M. Norway, who conducted proceedings pursuant to Fed. R. Crim. P. 5. Doc. Nos. 7-8. Among other things, Magistrate Judge Norway appointed the Federal Public Defender to represent Defendant Cook, and granted without prejudice the United States' request to detain Defendant Cook. Doc. Nos. 8, 11, 14.

During the February 6, 2026 proceedings, an issue regarding Defendant Cook's competency was first raised. *See* Doc. No. 8. In accordance with directives from Magistrate Judge Norway, on February 12, 2026, counsel for Defendant Cook filed a Motion to Determine Competency of Defendant. Doc. No. 19. The United

States filed a timely response. Doc. No. 21; *see also* Doc. No. 20. And on February 18, 2026, a grand jury issued an indictment charging Defendant Cook with two counts of threat to injury using interstate commerce in violation of 18 U.S.C. § 875(c). Doc. No. 22.

The Court held a hearing on February 20, 2026 with the parties, and Defendant Cook was also present. Doc. No. 25. As discussed with the parties at the hearing, and as set forth in the motion and response, there is no dispute that Defendant Cook's competency is at issue, and the parties also agree that Defendant Cook should be evaluated pursuant to 18 U.S.C. § 4241(b). The parties differed, however, as to whether Defendant Cook should be remanded to the custody of the Attorney General for a 30-day evaluation by the Bureau of Prisons, or if Defendant Cook should submit to an evaluation by a local expert. Upon consideration of the parties' filings and discussion at the hearing, the Court finds that the better course, under the facts of this particular case, is to remand Defendant Cook for a 30-day evaluation. In particular, the Court is persuaded by Defendant Cook's previously documented mental health history and prior findings of insanity and incompetency as discussed in both the Pretrial Bail Report and in Defendant's motion. See Doc. Nos. 17, 19.

Accordingly, it is **ORDERED AS FOLLOWS:**

1. Defendant's Motion to Determine Competency of Defendant (Doc. No. 19) is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent that the Court finds there is reasonable cause to believe Defendant Daniel Cook may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

2. Defendant Daniel Cook is **COMMITTED** to the custody of the Attorney General for placement in a suitable facility to conduct a psychiatric or psychological examination of Defendant Cook and to prepare and submit to the Court and all parties a psychiatric or psychological report assessing "whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against hm or to assist properly in his defense." 18 U.S.C. §§ 4247(b), (c). *See also* 18 U.S.C. §§ 4241(b). The term of commitment shall be for a reasonable period, not to exceed **thirty (30) days**. 18 U.S.C. § 4247(b). The Attorney General may request, on motion to the Court, an additional reasonable period of time for evaluation, not to exceed **fifteen (15) days**, upon a showing of good cause that the additional time is necessary to observe and evaluate Defendant. *Id.*

3. The psychiatric or psychological report must be filed with the Court and provided to the parties' counsel within **fifteen (15) days** after the expiration of the 30-day examination period.

4. Within **seven (7) days** from the date that the report is submitted to the Court, the parties shall file an appropriate notice or motion stating whether a competency hearing, or some other related proceedings, should be scheduled.

5. In all other respects, Defendant's motion (Doc. No. 19) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2026.

*/s/ Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
Counsel for Defendant